# CASES AT LAW

# COURT OF ERRORS AND APPEALS

## STATE OF NEW JERSEY.

### MARCH TERM, 1878.

---

AUGUSTUS FISHER, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

An indictment for breaking and entering, &c., the storehouse of the Oxford Iron Company, with intent to steal, &c., the goods and chattels of that company then there being, sufficiently avers ownership of the premises and of the goods by stating them to be "of the Oxford Iron Company;" and it need not aver that the Oxford Iron Company was a duly incorporated company under the laws of this state.

In error to Warren Oyer and Terminer.

For the plaintiff in error, *M. Beasley, Jr.*, and *Charles W. Brooke* (of New York.)

For the defendant in error, *H. S. Harris.*

169

The opinion of the court was delivered by

THE CHANCELLOR.   The writ of error brings up for consideration an indictment against the plaintiff in error and two other persons, charging them with having wilfully and maliciously broken and entered by night the storehouse of the Oxford Iron Company, at the township of Oxford, in the county of Warren, with intent unlawfully to steal, take and carry away the goods and chattels of that company then being in that storehouse.

The only question presented by the assignment of errors is as to the sufficiency of the indictment.   The counsel of the plaintiff in error insist that the indictment is defective, because it does not sufficiently aver the ownership of the storehouse broken and entered, and of the goods and chattels which the defendants, in the indictment, are charged with intending to steal.   They insist also that it should appear by the indictment that the Oxford Iron Company, the alleged owner of the storehouse and of the goods and chattels, was a duly-incorporated company under the laws of this state.

The statute makes it a criminal offence to wilfully and maliciously break and enter into any dwelling-house, shop, warehouse, storehouse, mill, barn, stable or out-house, or other building whatever, with intent to kill, rob, steal or commit a rape, mayhem or battery.   The statement in the indictment as to the ownership of the building alleged to have been entered, and of the goods which were the object of the intent to steal, is mere description for the purpose of identification.   The offence against society at which the statute is aimed, is the wilful and malicious breaking and entering into any building with intent to commit any of the crimes specified.   The object of the particularization is, in fairness, to inform the defendant of the precise offence with which he is charged, and also to secure him against another prosecution for the same offence.   In an indictment for larceny of the property of a corporation aggregate, the property must be laid as being in the corporation in its corporate name.   *Archb. Ch. Pr.* 359.   In an indictment for burglary, it is enough to state that the dwelling-house, &c., was " of "

a person or corporation. In an indictment for that crime, the defendants were charged with having broken and entered "the city hall of the city of Charlestown," and stolen certain gold coin, &c., therein specified, of the city of Charlestown. It was held to be a sufficient averment that the building was the property of the city of Charlestown, and it was not questioned that it was a sufficient averment of the ownership of the goods. *Commonwealth* v. *Williams*, 2 *Cush.* 582. Where the property is alleged to belong to a company, the name of which is given and appears to be that of a corporation, it will be presumed that the company is a corporation, and it will not be necessary to aver in the indictment that it is a corporation. *State* v. *Weller, Spenc.* 521. The averment of the ownership of the building broken and entered, and of the goods which it was charged that the defendants intended to steal, was therefore sufficient, and it was not necessary to aver that the Oxford Iron Company was a corporation. Again, the eighty-ninth section of the act regulating proceedings in criminal cases, (*Rev., p.* 284,) provides that no judgment given upon any indictment shall be reversed for any imperfection, omission, defect in or lack of form, or for any error, except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits. It is obvious that the omission of the averment that the Oxford Iron Company was a corporation under the laws of this state, could not in anywise have prejudiced the plaintiff in error in maintaining his defence on the merits.

The assignments of error have reference only to the alleged defect of the indictment. No error having been assigned as to the refusal to charge, that subject is not before the court.

The judgment of the Court of Oyer and Terminer should be affirmed.

*For affirmance*—THE CHANCELLOR, DALRIMPLE, DIXON, REED, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES. 10.

*For reversal*—None.